Edward M. O’Gorman, J.
The plaintiff has brought an action against the Treasurer of Orange County for the repayment of money which he claims is wrongfully withheld. The money was taken from the plaintiff by the police, who turned it over to the District Attorney, and was by him turned over to the County Treasurer.
The defendant claims to be entitled to retain this money, inasmuch as it is claimed to be the proceeds of gambling.
On a prior motion, we held that the plaintiff’s right to recover will depend on proof that the money was not the proceeds of gambling.
*739 The Attorney-General now seeks to intervene on behalf of the State of New York, on the ground that if it should be determined that the money is the proceeds of illegal gambling, then and in such event, the money should be turned over to the State of New York. This claim, it is urged, is paramount to that of the Treasurer of the County of Orange.
An analysis of the provisions of the Penal Law with respect to gambling reveals no provision governing this situation. The Court of Appeals, in Hofferman v. Simmons (290 N. Y. 449 [1943]) has heretofore held that a gambler may not recover from the municipal officer holding funds which were the proceeds of gambling. In reaching this conclusion, the court has further indicated its agreement that the penal statutes lack any directions as to the disposition of money seized from the gamblers by police.
Applying the foregoing to the instant case, it is the court’s opinion that the County of Orange, when in possession of the proceeds of illegal gambling, has a good title thereto as against the gambler who seeks its return, and as against the.State of New York, which cannot establish a better title.
In our view, the State of New York, having no statutory authority for its claim to the money involved in this case, should fail in this effort to intervene in the action.
Submit order.